**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Clifford MORGAN, Jr., Defendant–**
**Appellant.**

No. 03–1542.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 3, 2003.

Decided Dec. 29, 2003.

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Clifford Morgan, Jr., pro se, Pekin, IL, for Defendant–Appellant.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

ORDER

Clifford Morgan pleaded guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 37 months' imprisonment, 3 years' supervised release, a $100 special assessment, and a $1000 fine. Morgan appeals, but his appointed counsel moves to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot discern a nonfrivolous issue for appeal. We limit our review to the potential issues identified in counsel's facially adequate *Anders* brief. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). Morgan was notified of his counsel's motion, *see* Cir. R. 51(b), but he has not responded. Because we agree that the potential issues counsel discusses would be frivolous, we grant

counsel's motion to withdraw and dismiss the appeal.

■ Counsel first considers whether Morgan could argue that his guilty plea should be set aside because of noncompliance with Federal Rule of Criminal Procedure 11. After informing us that Morgan does not want to withdraw his guilty plea, however, counsel appropriately declines to analyze the issue. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002) (concluding that counsel should not raise a Rule 11 argument on appeal, or even explore the question in an *Anders* submission, unless the defendant wants his plea set aside). Accordingly, we would not consider this issue on appeal.

■ Counsel next considers whether Morgan could challenge his prison term, focusing on the district court's imposition of a two-level upward adjustment for possessing a stolen firearm. *See* U.S.S.G. § 2K2.1(b)(4). We would review for clear error the district court's factual finding that the weapon Morgan possessed was stolen. *See United States v. Jones*, 313 F.3d 1019, 1021 (7th Cir.2002). Under § 2K2.1(b)(4), the two-level increase applies "whether or not the defendant knew or had reason to believe that the firearm was stolen." U.S.S.G. § 2K2.1(b)(4), cmt. n. 19.

Morgan was arrested after police stopped the car he was driving for traffic violations. Morgan attempted to flee the car and while running away dropped a gun, which the pursuing officers recovered after taking him into custody. At sentencing the government presented evidence that the gun Morgan dropped bore the same serial number as one stolen from Theotis Luckett in Canton, Mississippi, in January 1998. The government admitted that the serial number Luckett gave police when he reported the gun stolen varied

from the serial number on the gun Morgan possessed. The government established, however, that the pawn shop where Luckett purchased the gun had written an incorrect serial number on his receipt, and it was that number–not the actual number on his gun or on the ATF form he received at purchase–that Luckett had reported stolen. Noting the discrepancies, the district court nevertheless concluded that the government had presented sufficient evidence to show that the gun stolen from Luckett was the same one that Morgan dropped. Because we would uphold a district court's analysis of the evidence as long as it is "plausible in light of the record viewed in its entirety," *United States v. White*, 240 F.3d 656, 660–61 (7th Cir.2001) (internal quotations omitted), we agree that any challenge to the application of § 2K2.1(b)(4) would be frivolous.

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.